Filed 7/25/14  P. v. Sims CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION 5

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>SABRINA ANGELICA SIMS,<br><br>          Defendant and Appellant. | A139870<br><br>(Solano County<br>Super. Ct. No. FCR298130) |

Sabrina Sims appeals two probation conditions ordering her not to purchase alcohol and to maintain an alcohol-free residence imposed after she pled no contest to a felony violation of obtaining aid by misrepresentation.[1]  (Welf. & Inst. Code, § 10980, subd. (c)(2).)  Sims argues these conditions are unreasonable under *People v. Lent* (1975) 15 Cal.3d 481.  We agree and strike them.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

Sims received public assistance payments and food stamps.  The Special Investigations Bureau of the Solano County Health and Social Services Department (Department) questioned Sims after receiving a tip suggesting she was earning income and not reporting it.  She admitted to working as an in-home social services worker and

---

[1] The court ordered Sims to "not purchase alcohol or illegal drugs."  The condition concerning illegal drugs is not challenged on appeal.

[2] Because Sims entered a no contest plea before a preliminary hearing, we draw our facts from the probation report.

1

not reporting that income to the Department.[3]  It was alleged Sims wrongfully accepted $4,374 in public assistance overpayments and $1,135.15 in food stamp over-issuances.[4]

Sims was charged with four felonies:  one count of obtaining aid by misrepresentation in an amount over $950 (Welf. & Inst. Code, § 10980, subd. (c)(2)) and three counts of perjury by declaration (Pen. Code, § 118).  Pursuant to a negotiated disposition, Sims pled no contest to obtaining aid by misrepresentation and, in exchange, the other three charges were dismissed.

The probation report submitted to the court states:  "[Sims] reported she first consumed alcohol at the age of 21.  She reported no current or prior excessive use of alcohol and reported she does not view her current use of alcohol as an addiction or problem requiring intervention."  There is no other mention of alcohol in the body of the report, including the section entitled "Factors That Do Not Support Probation." (Boldface omitted.)

The court suspended imposition of sentence and placed her on formal probation for three years, subject to terms and conditions.  Sims's sentence included a suspended 90-day jail term and restitution in the amount of $4,314.[5]  Additionally, as a condition of probation, Sims was forbidden to purchase alcohol and ordered to maintain an alcohol-free residence until restitution was paid.  In response to Sims's objection that nothing in the probation report warranted these conditions, the court stated, "Well, I don't think it's appropriate she purchase either drugs or alcohol until she's paid back the amount she obtained fraudulently. [¶] . . . [¶] I consider restitution an absolute critical part of your client's probationary grant.  And if she doesn't want to pay restitution, that's fine.  She doesn't have to pay restitution.  I mean, we don't have debtors' prisons anymore.  But if

---

[3] Sims was paid $11.50 per hour to take care of her ill husband.

[4] The Department was able to successfully recover the food stamp over-issuances through an income tax intercept.

[5] The tax intercept also helped recover some of the public assistance overpayments, amounting to a total of $4,314 owed in restitution.

she's not going to follow the terms of probation, then she's not going to be on probation. She needs to understand that probation is a privilege."

Sims filed a timely notice of appeal.

## DISCUSSION

Ordinarily, appeals from probation conditions are reviewed for abuse of discretion. (*People v. Olguin* (2008) 45 Cal.4th 375, 384.)  Penal Code section 1203.1, subdivision (j), gives trial courts "broad discretion to impose conditions of probation to foster rehabilitation of the defendant, protect the public and the victim, and ensure that justice is done." (*Brown v. Superior Court* (2002) 101 Cal.App.4th 313, 319.)  Where, as here, a probation condition forbids noncriminal conduct,[6] the condition is valid if that conduct is "*reasonably related* to the crime of which the defendant was convicted or to future criminality." (*People v. Lent, supra,* 15 Cal.3d at p. 486, italics added.)

The People argue the challenged conditions are proper because "[t]he restitution order was designed to compensate the agency that issued the payments for losses it suffered as a result of [Sims's] criminal conduct.  The additional alcohol-related conditions were designed to ensure [her] compliance with the restitution order.  The conditions relate to the crime of which [Sims] was convicted in that they guarantee that [she] will pay her restitution obligation before using or purchasing alcohol."  They also assert that the conditions "will serve as a deterrent to any future similar criminal conduct," because Sims will "be required to consider the court's order and prioritize her income and expenses to repay [the Department]."  We disagree.

We see no relationship in this case, reasonable or otherwise, between the probation conditions requiring Sims not to purchase or possess alcohol in her home and the crime of obtaining aid by misrepresentation.  Welfare and Institutions Code section 10980, subdivision (c)(2) prohibits obtaining or receiving public aid by "willfully and knowingly, with the intent to deceive, by means of false statement or representation, or

---

[6] The People do not dispute that Sims was over 21 years of age at all relevant times or that persons over the age of 21 may purchase and possess alcohol legally. (Bus. & Prof. Code, §  25658, subd. (b).)

by failing to disclose a material fact, or by impersonation or other fraudulent device." None of the offense's elements is rationally related to the challenged conditions. Further, nothing in the probation presentence report indicated Sims had any alcohol-related issues, let alone that alcohol was in any way involved in her failure to report income to the Department. The People's broad assertions that these conditions somehow will "guarantee" Sims's compliance with the restitution order and deter any future similar criminal conduct essentially argue for a court's micromanagement of a probationer's budget whenever restitution is ordered—a practice we refuse to endorse.

## DISPOSITION

The probation condition ordering Sims to "maintain [an] alcohol-free residence" is stricken, and the condition ordering Sims to "not purchase alcohol or illegal drugs" is modified to "not purchase illegal drugs." The judgment is otherwise affirmed.

_____
SIMONS, J.

We concur.

_____
JONES, P.J.

_____
BRUINIERS, J.

4